IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1630-07






JEREMY WAYNE BALDWIN, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Keasler, J., filed a concurring opinion in which Hervey, J., joined.


CONCURRING OPINION



 I join the Court's opinion but write separately to respond to Judge Cochran's
concurring opinion. I cannot endorse Judge Cochran's determination that this was an invalid
arrest, as opposed to an unlawful detention. She contends that Baldwin was arrested once
Deputy Smith placed Baldwin in handcuffs. Placing an individual in handcuffs, as Judge
Cochran acknowledges, however, does not necessarily mean that the individual is under
arrest. If we were required to decide whether there was a detention or arrest, I would hold
that Baldwin was illegally detained because Deputy Smith lacked the requisite reasonable
suspicion under the particular facts of this case. Baldwin, in my view, was detained within
the meaning of the Fourth Amendment when Deputy Smith handcuffed him. (1) At that point,
Deputy Smith, given the totality of the circumstances, lacked reasonable suspicion to detain
Baldwin in any manner, with or without handcuffs. Therefore, I believe that Judge Cochran
is sorely mistaken when she characterizes this as an arrest. By needlessly leaping from
detention to arrest without justification, Judge Cochran unnecessarily muddles Fourth
Amendment seizure law. 


DATE DELIVERED: March 11, 2009

PUBLISH 






 
1. But see Muehler v. Mena, 544 U.S. 93, 99 (2005) ("The imposition of correctly
applied handcuffs to Mena, who was already being lawfully detained during a search of
the house, was undoubtedly a separate intrusion in addition to the detention in the
converted garage.").